# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Glen Martin, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Gerald Sommerdorf, | ) | Case No. 1:17-cv-139 |
| | ) | |
| Defendant. | ) | |

Before the court is a "Motion for Leave to Amend Expert Designations" filed by plaintiff on October 24, 2018. For the reasons set forth below, the motion is granted.

## I. BACKGROUND

This action arises out of a two-vehicle collision that occurred on June 23, 2014, on the exit ramp near mile marker 59 on Interstate 94. According to plaintiff, he was stopped at a stop sign, waiting to make a right turn. Defendant attempted to pass through the stop sign and, failing to take notice of the plaintiff, struck plaintiff's vehicle from behind.

On October 17, 2017, the court issued a scheduling order that provided in relevant part that plaintiff's and defendant's expert disclosures were due by September 11 and October 12, 2018, respectively. (Doc. No. 14).

The parties served each other with their respective expert designations in accordance with the court's scheduling order. Thereafter, on October 24, 2018, plaintiff filed a motion for leave to amend his expert disclosures to include a trailer hitch expert from whom he obtained a report after the expert disclosures deadlines had lapsed. He avers this expert's testimony is vital to his case and, given the present posture of this case, his late designation should pose appreciable prejudice to

1

defendant.

Defendant filed a response in opposition to plaintiff's motion on November 7, 2018. He asserts that plaintiff offered no reasonable explanation for his delay in locating the trailer hitch expert and thus failed to establish good cause for retroactively extending his expert disclosure deadline.

## II. DISCUSSION

The court starts, as it must, with the guidance provided by the Eighth Circuit with respect to the modification of scheduling/discovery orders. In Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748 (8th Cir. 2006), the Eighth Circuit had this to say:

> Adherence to progression order deadlines is critical to achieving the primary goal of the judiciary: "to serve the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1; see also Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001) ("As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them.") (citation omitted). Accordingly, the district court has broad discretion in establishing and enforcing the deadlines. Fed.R.Civ.P. 16, 37. To modify a progression order, a party must show good cause for the modification. Bradford, 249 F.3d at 809. To establish good cause, a party must show its diligence in attempting to meet the progression order. Id. (citation omitted). A district court may also consider the existence or degree of prejudice to the party opposing the modification. Id.

Id. at 759.

Given the nature of plaintiff's proposed disclosure and in light of the present posture of this case, the court finds there is good cause to extend the deadlines for expert disclosures. First, the trailer hitch expert's opinion is a partial rebuttal to defendant's expert's opinion (which was disclosed on October 12, 2018) that the forces generated in the collision could not have been so great given the apparent lack of damage to defendant's vehicle. Thus, the court is not persuaded that there has been an utter lack of diligence on plaintiff's part. Second, the pretrial deadlines need to be

2

adjusted for other reasons. For example, defendant has filed a motion to compel independent physical and mental health examinations of plaintiff.[1] In the event that the motion is granted in whole or in part, defendant will require time to arrange for examinations and the parties will thereafter require time to digest the results (and plaintiff some time to respond). Third, defendant will not be unduly prejudiced by extending the expert disclosure deadlines since the court intends to afford him ample time for rebuttal.

**III. CONCLUSION**

Plaintiff's Motion for Leave to Amend Expert Designations (Doc. No. 34) is **GRANTED**. Plaintiff shall have until December 7, 2018, to supplement his expert disclosures.[2] Defendant shall have until February 15, 2019, to supplement his expert disclosures or otherwise disclose a rebuttal opinion (from a either his existing expert or new expert).

Additionally, pursuant to its discussion with the parties during the status conference held on November 26, 2018, the court further **ORDERS**:

1. The parties shall have until April 30, 2019, to file dispostive motions (summary judgment as to all or part of the case).

2. The final pretrial conference set for January 22, 2019, shall be rescheduled for August 5, 2019, at 2:00 p.m. by telephone before the magistrate judge. The court shall initiate the conference call.

3. The jury trial set for February 6, 2019, shall be rescheduled for August 19, 2019, at

---

[1] A mental health evaluation is highly unusual for this type case but may be justified. The court will address this issue in a subsequent order.

[2] The court advised the parties during the status conference on November 26, 2018, that would extend plaintiff's deadline until November 30, 2018. However, upon further reflection, the court shall extend the deadline an additional week.

9:00 a.m. in Bismarck before Chief Judge Hovland (5 days, courtroom #1).

Dated this 28th day of November, 2018.

/s/ *Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court