# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Glen Martin, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE MOTION TO COMPEL** |
| | ) | |
| vs. | ) | |
| | ) | |
| Gerald Sommerdorf, | ) | Case No. 1:17-cv-139 |
| | ) | |
| Defendant. | ) | |

Before the court is a "Motion to Compel Independent Medical Examinations" (Doc. No. 19). Plaintiff does not object to the physical examinations that defendant seeks but does object to the request for two mental examinations, one by a clinical psychologist and another by a psychiatrist. After careful consideration, the court will permit one mental examination, but not both, and defendant can take its choice as to which one. This decision is based upon the following:

- Defendant's failure to make a convincing showing that both examinations are necessarily required to address the issues of defendant's possible opiate addiction and alleged drug seeking behavior. The court concludes that one examination ought to be sufficient based on the purported expertise of the individual experts, particularly after taking into consideration the proportionality requirements of Rule 26. That is, there is a difference between what is sufficient to meet the needs of the case as opposed to what might be perceived as being optimal.

- In concluding that only one examination and testing associated with that examination is sufficient, the court is not prohibiting defendant from using the other professional as an expert and that expert rendering an opinion based upon the testing and mental

1

examination that is done as well as upon all of the other medical records of the case.

- While a close question with respect to whether any mental examination should be permitted, the court concludes there is credible evidence that plaintiff has engaged in drug seeking behavior and the evidence of the examination and resulting opinion may be relevant to plaintiff's claims for reimbursement of *some* of his claimed medical expenses as well as future damages for medical care. This is sufficient reason alone. Further, plaintiff has not limited his claims for or evidence of emotional loss. See Gepner v. Fujicolor Processing, Inc., 2011 ND 207, ¶ 32, 637 N.W.2d 681; cf. Auer v. City of Minot, 178 F. Supp. 3d 835 (D.N.D. 2016). This is not to say, however, that a mental examination would be justified in every rear-end vehicular accident. Quite the contrary, it is only because of the unique circumstances of this case that the court is permitting one.

- To be clear, the court is not allowing a mental examination because it has concluded that defendant should be permitted to mount a defense that the surgeries that plaintiff underwent should not have been performed without first attempting to address plaintiff's mental issues, including claims of pain that may be attributable to plaintiff's drug addiction and drug seeking. Essentially, that would allow these experts to opine that the doctors who performed the surgeries (and who presumably considered physical evidence such as x-rays and MRI's as part of their assessment that surgery was warranted) committed malpractice. The court doubts that the clinical psychologist and the psychiatrist that defendant has identified have the necessary training and experience to offer such opinions. And, if the undersigned

was trying the case, such testimony would likely not be permitted. However, no ruling is made now and that issue, if it arises, will be left for the trial judge.

Based on the foregoing, defendant's motion to compel (Doc. No. 19) is **GRANTED IN PART** and **DENIED** as follows:

1. Plaintiff shall be required to submit to a mental examination and any testing conducted by one of defendant's identified experts, but not both. This does not prohibit defendant from using the other identified professional as an expert, but simply that the other expert will not be permitted to conduct a separate examination and testing.

2. The examination and testing shall take place on one day by February 15, 2019. Defendant shall thereafter have 45 days to provide a report from one or both of the above experts and plaintiff shall have 45 days to provide any expert rebuttal reports.

3. Any depositions of these experts shall be completed by July 1, 2019.

4. No costs or attorney's fees are awarded in connection with this motion.

**IT IS SO ORDERED**.

Dated this 4th day of January 2019.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court